# EXHIBIT A

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br>KIMBERLY CAMPBELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SODEXO OPERATIONS, LLC a/k/a SODEXO VENDING SERVICES, LLC a/k/a SODEXO, INC d/b/a SODEXO and CHARLES THOMAS, Individually and as Agent of SODEXO,<br><br>　　　　Defendants. | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT<br>CASE No.: 2023-CP-10-<br><br><br><br>SUMMONS |

**TO: DEFENDANTS HEREIN:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said complaint on the subscribed, Tiffany R. Spann-Wilder, Esquire, Post Office Box 70488, N. Charleston, South Carolina 29415, within THIRTY (30) days after the service hereof, exclusive of the date of such service. If you fail to answer the complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the complaint.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**SPANN WILDER LAW, LLC**

　　　　　　　　　　　　　　　　<u>By: /s/ Tiffany R. Spann-Wilder</u>
　　　　　　　　　　　　　　　　**Tiffany R. Spann-Wilder-SC BAR # 15913**
　　　　　　　　　　　　　　　　2131 Dorchester Rd (29405)
　　　　　　　　　　　　　　　　PO Box 70488
　　　　　　　　　　　　　　　　N. Charleston, SC 29415
　　　　　　　　　　　　　　　　(843) 266-7792 // (843) 266-7797, fax

　　　　　　　　　　　　　　　　**ATTORNEY FOR PLAINTIFF**

Dated: August 30, 2023
North Charleston, South Carolina

ELECTRONICALLY FILED - 2023 Aug 30 1:03 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

ELECTRONICALLY FILED - 2023 Aug 30 1:03 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF CHARLESTON<br><br><br>KIMBERLY CAMPBELL,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SODEXO OPERATIONS, LLC a/k/a SODEXO VENDING SERVICES, LLC a/k/a SODEXO, INC d/b/a SODEXO and CHARLES THOMAS, Individually and as Agent of SODEXO,<br><br><br>　　Defendants. | IN THE COURT OF COMMON PLEAS FOR THE NINTH JUDICIAL CIRCUIT<br>Case No.: 23-CP-10-_____<br><br><br><br>COMPLAINT<br>(Jury Trial Requested)<br>Premise Liability/Negligence/Personal Injury |

**The Plaintiff, KIMBERLY CAMPBELL** (hereinafter referred to as Plaintiff), complaining of the above-named Defendants, **SODEXO OPERATIONS, LLC a/k/a SODEXO VENDING SERVICES, LLC a/k/a SODEXO, INC d/b/a SODEXO and CHARLES THOMAS, Individually and as Agent of SODEXO,** hereinafter referred to as Defendant "SODEXO" and Defendant "THOMAS"), by and through her undersigned attorney, comes now to allege and show the Court by allegation the following:

1. Plaintiff, Kimberly Campbell, is a citizen and resident of the County of Charleston, State of South Carolina.

2. That at all times pertinent hereto, Defendant SODEXO, owned and operated SODEXO, an entity which provides catering, facilities management, employee benefits and personal home services to 100 million consumers daily in 53 countries, including but not limited to MUSC and Shawn Jenkins Children's Hospital located in

Charleston, County, South Carolina. Upon information and belief, Defendant is a foreign corporation incorporated in the State of Delaware, but organized and existing under the laws of the State of South Carolina and upon information and belief transacts significant business in the State of South Carolina and maintains agents and servants, to include Defendant Thomas, having multiple locations in the State of South Carolina for the purpose of carrying out its business.

3. The Defendant, Charles Thomas, agent and employee of Sodexo, was the driver/delivery person for Sodexo at the time of the incident alleged herein and was responsible for delivery of food to Sodexo customers, inspecting, monitoring and maintaining Sodexo's food products being delivered, ensuring that Sodexo's products are delivered in safe and reasonable manner and taking prudent actions as it relates to the safety of their agents, customers, customer employees and the general public and making sure that all deliveries and delivery areas are maintained and kept free from any and all hazards, to include any and all hazards which may cause any person to slip/trip and fall. Upon information and belief, Defendant Thomas is currently a resident and citizen of Charleston County in the State of South Carolina, and at the time of this incident was a citizen and resident of Charleston County in the State of South Carolina.

4. This Court has jurisdiction over these matters based upon Article V of the South Carolina Constitution, S.C. Code Ann. §36-2-802, §36-2-803 and §15-7-30 (Law. Co-op 1976) and its plenary powers. Venue is proper as both the Plaintiff and Defendant resided in Charleston County at the time the alleged act or omission giving rise to this lawsuit occurred. This Court has subject matter jurisdiction over this action and the allegations set forth herein.

5. This Court has general and specific personal jurisdiction over the Defendants because they maintain significant and continuous contacts in the State of South Carolina and the acts and omissions that are at issue.

6. On or about September 4, 2020, Plaintiff was an employee of MUSC, Shawn Jenkins Children's Hospital, located in Charleston County, South Carolina where she worked in the Central Supplies Department.

7. On or about the aforementioned date, Plaintiff was injured when she slipped and fell on

8. the loading dock due to food residue, which was spilled and not properly cleaned up Defendant Thomas, thereby creating a hazardous condition which resulted in Plaintiff's injuries and damages.

8. Plaintiff's sustained injuries to her neck, back, right ankle/foot, tail bone, left foot, right wrist and psyche.

9. Upon information and belief, Defendants SODEXO, its agent/employees to include Defendant Thomas were aware or should have been aware of the potential hazard to those at their customer's establishment whether they be customers or employees and therefore should have taken adequate measures to protect all invitees to include Plaintiff.

10. By reason and in consequence of the aforesaid acts and/or omissions of the Defendants, Plaintiff sustained serious personal injuries: her injuries were of such a nature as to require her and will in the future require her to expend monies for hospitalizations, doctor's care and other medical necessities; she has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain and mental anguish; and such other and further particulars as may be found through discovery or trial.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

11. Plaintiff incorporates all allegations of the paragraphs above as fully repeated herein.

12. Plaintiff was an invitee of SODEXO's customer, MUSC – Shawn Jenkins Children's Hospital and the Defendants owed Plaintiff a duty to keep its traveled delivery areas including, loading docks, aisles and passageways in a reasonably safe condition.

13. On or about September 4, 2020, a hazard was created and allowed to exist when Defendant Thomas was delivering food, spilled the food and/or knew the food had spilled and did not properly clean up the spilled food and food residue, thereby creating a hazardous condition on the loading dock and passageway of invitees.

14. The spilled food and food residue which caused Plaintiff's fall was in a high traffic area that necessitated Defendants frequent attention to the upkeep of the traveled path their products were moved along, for the safety of the Plaintiff and all invitees of MUSC.

15. Upon information and belief, Defendant SODEXO, and its agent/employees to include Defendant Thomas saw or should have seen and/or observed and appreciated the existence of a safety hazard and/or dangerous conditions created by their work product.

16. Upon information and belief, the Defendant SODEXO, and its agent/employees to include Defendant Thomas, knew or should have known of the latent hazards associated with the products delivered and that the areas traveled to make such deliveries, including but not limited to loading docks, receive heavy pedestrian traffic and that the spilling of food and food residue created a latent condition and a slip/trip and fall hazard to invitees, including Plaintiff.

17. Upon information and belief, Defendant SODEXO, and its agent/employees to include Defendant Thomas failed to place warning placards, signs and/or cones in the area of the crate/object, and failed to protect and/or warn invitees, including Plaintiff, from/of the presence of a latent condition located on the floor which presented a slip/trip and fall hazard.

18. Due to the lack of warning placards, signs and/or cones by Defendant SODEXO, and its agent/employees to include Defendant Thomas, Plaintiff was unable to notice, anticipate, and/or avoid the presence of the latent condition present on the loading dock.

19. Defendant SODEXO, and its agent/employees to include Defendant Thomas were aware of or should have been aware of a dangerous condition and did not take any action to minimize or avoid danger to Plaintiff, which constitutes clear and convincing evidence of negligence, gross negligence, recklessness, willfulness, and wantonness, including not limited to in the following particulars:

    a. Failing to maintain the premises;

    b. Failing to exercise due care;

c.  Failing to do what a reasonable person or entity would have done under the circumstances:

d.  Failing to monitor traveled delivery areas including but not limited to loading docks, aisles or other passageways;

e.  Failing to warn Plaintiff;

f.  Failing to take actions to correct known problems;

g.  Any other acts of negligence, carelessness, recklessness and gross negligence as the evidence gathered during discovery and presented at trial may show;

h.  In creating a dangerous, unsafe and defective condition on said premises, which constituted a slip and fall hazard to its invitees and patrons;

i.  In allowing a dangerous, unsafe and defective condition to remain when it knew or should have known of the condition of the grounds, and that the same was unsafe and dangerous and likely to cause serious bodily harm to invitees and patrons, including the Plaintiff, on said premises;

j.  In failing to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances;

k.  In failing to properly maintain and/or inspect the traveled delivery areas, in particular the location where the Plaintiff fell, thus making it unsafe for use by invitees and patrons, including the Plaintiff.

l.  In failing to notify or warn the Plaintiff of the existence of the dangerous, unsafe and hazardous condition on said premises, although the Defendants knew or by the exercise of reasonable care should have known of the said dangerous, unsafe and hazardous condition;

m.  In failing to take reasonable precautions to avoid the dangerous, unsafe and hazardous condition existing on the premises;

n.  In failing to use reasonable care to discover any unreasonably dangerous conditions present and to either put the premises in a reasonably safe condition or to warn of the dangerous conditions;

o.  In failing to provide and/or utilize proper warning placards, signs and/or cones, to warn invitees, including Plaintiff, of dangerous latent conditions and slip and fall hazards that existed in the premises;

ELECTRONICALLY FILED - 2023 Aug 30 1:03 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

p.     In failing to implement proper procedural safeguards and communication systems that make all MUSC employees aware of hazardous substances on its floors that are likely to cause injury to customers and/or public;

q.     In failing to maintain the premises pursuant to applicable regulations, codes, and standards;

r.     In failing to timely remedy dangerous conditions existing on the premises;

s.     In failing to follow proper procedures, policies, and protocols for the reporting and investigating of slip and fall incidents on said premises;

t.     In failing to follow proper procedures, policies, and protocols for the discovery and maintenance of slip and fall hazards on said premises;

u.     By failing to hire, employ, contract with, or otherwise train or supervise persons knowledgeable in customer safety or otherwise capable of evaluating the risks and hazards of hazardous substances;

v.     By failing to ensure that the food and/or delivered products were delivered and placed in a reasonable manner so that it did not create a latent condition and a slip and fall hazard; and

w.     any such other particulars the evidence may show.

20. As a result of the Defendants Thomas and Sodexo's negligence, gross negligence, recklessness, willfulness and wantonness created a hazard which proximately caused Plaintiff to sustain serious personal injuries: her injuries were of such a nature as to require her and will in the future require her to expend monies for hospitalizations, doctor's care and other medical necessities; she has suffered permanent impairment of health and bodily efficiency; that at all times since the accident, Plaintiff has suffered and will continue to suffer great pain and mental anguish; and such other and further particulars as may be found through discovery or trial.

21. Plaintiff had no knowledge or reason to suspect danger with regard to the latent danger contained on the premises. In addition, Plaintiff exercised ordinary and reasonable care at all times on her own behalf.

## FOR A SECOND CAUSE OF ACTION
### Negligent Hiring/Retention/Supervision

22. Plaintiff realleges and reincorporates all Paragraphs above as if fully repeated herein.

23. Defendant SODEXO and its agent/employees, to include Defendant Thomas, owed a duty to all invitees, including the Plaintiff, to exercise due care when hiring, training, retaining and supervising their employees.

24. Defendant SODEXO and its agent/employees, to include Defendant Thomas, breached its duty to Plaintiff by and through their negligent, grossly negligent, reckless, willful and wanton acts and/or omissions in one or more of the following particulars:

    a) In hiring employees/personnel/agents with known careless propensities in carrying out their work duties;

    b) In failing to properly train and/or supervise their employees/personnel/agents so as to ensure the safety of their invitees;

    c) In retaining an employee/agent with known careless propensities in the execution of their work duties; and

    d) Overall, in failing to use the degree of care and caution that a reasonable and prudent business would have used under the circumstances.

25. As a direct and proximate result of Defendant SODEXO, its agent/employees to include Defendant Thomas, breached of its duty to MUSC invitees, including the Plaintiff. Plaintiff suffered great physical harm and injury, all of which has and will, in the future, cause Plaintiff to undergo much physical pain and suffering; has and will, in the future, cause Plaintiff to expend large sums of money for medical treatment and services: has and will, in the future, cause Plaintiff to suffer trauma, anxiety, annoyance, whole body impairment and inconvenience- all to Plaintiff's general damage and detriment.

    **WHEREFORE**, Plaintiff prays as follows; (a) that the Plaintiff recover a judgment against Defendants SODEXO and THOMAS in an amount sufficient to compensate her for injuries and damages as described above; (d) that Plaintiff recover an amount of punitive damages

ELECTRONICALLY FILED - 2023 Aug 30 1:03 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

ELECTRONICALLY FILED - 2023 Aug 30 1:03 PM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

as authorized by law; (c) that Plaintiff recover all costs associated with this action; and (d) that Plaintiff recover such other and further relief as the court may deem just and proper.

        Respectfully submitted,

        **SPANN WILDER LAW, LLC**

        By: **/s/ Tiffany R. Spann-Wilder**
        **Tiffany R. Spann-Wilder-SC BAR # 15913**
        2131 Dorchester Rd (29405)
        PO Box 70488
        N. Charleston, SC 29415
        (843) 266-7792 // (843) 266-7797, fax

        **ATTORNEY FOR PLAINTIFF**

Dated: August 30, 2023

North Charleston, South Carolina



# Spann Wilder
## Law, LLC

*Serving South Carolina's Injured*

TIFFANY R. SPANN-WILDER
ATTORNEY AT LAW
tiffany@spannwilderlaw.com
www.spannwilderlaw.com

November 10, 2023

**VIA CERTIFIED MAIL R/R/R 70132630000108847127**
Corporate Creations Network, Inc.
6650 Rivers Avenue
North Charleston, SC 29406

      RE:    Kimberly Campbell v. Sodexo Operations, LLC
               Case No.: 2023-CP-10-04267

Dear Sir/Madam:

      Enclosed please find for service upon you, as the registered agent for Sodexo Operations, LLC., a filed copy of the Summons and Complaint in the above referenced matter.

      Thanking you in advance,

                             Sincerely,

                             Kristen M. Beck
                             Litigation Paralegal to Tiffany R. Spann-Wilder

/kb
Enclosure as stated

*Location:*
2131 Dorchester Road
North Charleston, SC 29405

*Mailing:*
P.O. Box 70488
North Charleston, SC 29415

(843) 266-7792 *(phone)*
1-800-866-3830 *(toll free)*
(843) 266-7797 *(fax)*

*Workers' Compensation*
*Car & Truck Accidents*
*Catastrophic Injuries*
*Social Security Disability*

ELECTRONICALLY FILED - 2023 Nov 17 11:01:02 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

ELECTRONICALLY FILED - 2023 Nov 17 11:01:02 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1004267

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporate Creations Network Inc
Registered Agent for Sodexo
6650 Rivers Ave
N. Charleston, SC 29406

9590 9402 5095 9092 6252 91

2. Article Number (Transfer from service label)

7013 2920 0001 0884 7127

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  P. Drake
☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
P. Drake   11/14/23

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

7013 2920 0001 0884 7127

| | |
|---|---|
| Postage | $ .87 |
| Certified Fee | 4.35 |
| Return Receipt Fee (Endorsement Required) | 3.55 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.77 |

Postmark NOV 10 2023

Sent To: Corporate Creations Network Inc
Street, Apt. No.; or PO Box No.: 6650 Rivers Ave
City, State, ZIP+4: N. Chas. SC 29406

PS Form 3800, August 2006    See Reverse for Instructions